UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| SHAUNDON A. WASHINGTON,<br><br>    Plaintiff,<br><br>V.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>    Defendant. | CIVIL ACTION NO. 5:14-429-KKC<br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's motion to dismiss (DE 7). The Defendant Federal Bureau of Investigation ("FBI") asserts that Plaintiff Shaundon Washington's claims are time barred, that Washington's claims for constitutional violations are not viable against the United States, and that Washington's allegations sounding in tort do not comply with the requirements of the Federal Tort Claims Act ("FTCA"). For the reasons stated below, the Court will dismiss Washington's action.

I.

Plaintiff Shaundon Washington asserts that the Lexington Police Department and the FBI identified him as a suspect in several murders. Washington was never charged with a crime, but he alleges that—in the course of the investigation—the FBI planted a "machine" that "use[s] a method like telepathy" to widely broadcast everything that Washington says, tastes, touches, and sees. (DE 1 Compl. at 2.) He claims that this machine is "like an ankle bracelet" that potentially utilizes satellite technology. (DE 10 Pl.'s Reply at 1.) Washington asserts both tortious violations to his person because this machine

"hurts the brain as well as the body" and Constitutional violations. (DE 10 Pl.'s Reply at 1–2.) He alleges that he noticed the effects of this machine "about or around February of 2005." (DE 1 Compl. at 3.)

## II.

The FBI moved for dismissal of Washington's complaint under Federal Rule of Civil Procedure 12, asserting both a lack of subject matter jurisdiction and that Washington failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(1), (6). In reviewing a Rule 12(b)(6) motion, the Court must accept all factual allegations as true and construe the complaint in light most favorable to the plaintiff. *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012). Dismissal is warranted under Rule 12(b)(6) "if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). "In a situation involving an affirmative defense, 'the claim is stated adequately . . ., but in addition to the claim the contents of the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim. In [such a] situation[ ] the complaint is said to have a built-in defense and is essentially self-defeating.'" *Id.* (alterations in original) (quoting 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)).

## III.

**A. Claims Construed Under the Federal Tort Claims Act**

Construing Washington's complaint of injuries caused by this "machine" as torts that may be remedied under the terms of the Federal Tort Claims Act ("FTCA"), Washington's action is "essentially self-defeating" because he has failed to satisfy the FTCA's requirements.

2

Before a claimant can file an action for injury based on the acts or omissions of a federal employee acting within the scope of his or her office or employment, the claimant must first "present the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Thus, exhaustion of administrative remedies is a prerequisite to suit under the FTCA. *Blakely v. United States*, 276 F.3d 853, 864 (6th Cir. 2002). And administrative proceedings before the appropriate Federal agency must commence "within two years after such claim accrues" or "within six months after the date of mailing . . . [a] notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "Because the statute of limitations in an FTCA action is an affirmative defense, the burden is on the government to show that the statute of limitations has run." *Hogan v. United States*, 42 F. App'x 717, 722 (6th Cir. 2002).

Here, the FBI asserts—and Washington does not contest—that Washington has never filed a claim asserting these factual allegations to any Federal agency. Thus, taking as true that Washington began experiencing the effects of the "machine" in 2005, Washington has not timely presented a claim to the appropriate Federal agency and, therefore, has not met a prerequisite to filing an FTCA claim before the Court. *See Blakely*, 276 F.3d at 864. Accordingly, to the extent that Washington asserts a claim under the FTCA, the claim is "essentially self-defeating." *See Riverview Health*, 601 F.3d at 512.

**B. Alleged Constitutional Violations**

Broadly construed, Washington's claims that the FBI planted a "machine" to cause him pain and broadcast his senses alleges that the FBI violated his rights guaranteed under the Fourth and Fifth Amendments. Because the alleged Constitutional violations occurred by FBI agents acting in the scope and in furtherance of their official duties, Washington's cause of action may arise from *Bivens v. Six Unknown Named Agents of the*

3

*Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or Washington's cause of action may assert Constitutional violations against the FBI itself. Either potential claim, however, will fail.

As against the individual FBI agents, the Federal Constitution does not provide a limitations period of a *Bivens* action; therefore, the Sixth Circuit has explained that the limitations period commences once a potential plaintiff "knows" about his injury and courts should apply the local time limitation for personal injury actions. *Zundel v. Holder*, 687 F.3d 271, 280–81 (6th Cir. 2012); *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). In Kentucky, the statute of limitations for personal injury actions is one year. KRS § 413.140(1)(a). Here, Washington "knew" of his injury in 2005. He did not file his *Bivens* claim within the one-year limitations period; thus, to the extent that Washington asserts a claim under *Bivens*, the claim is "essentially self-defeating." *See Riverview Health*, 601 F.3d at 512.

As against the FBI itself, the doctrine of sovereign immunity applies to suits against the United States and against Federal agencies, such as the FBI, because the United States is the real party in interest. *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 342–43 (6th Cir. 1984). Under the doctrine of sovereign immunity, the United States is immune from suit without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Here, the FBI has not consented to suit; therefore, to the extent that Washington asserts a claim against the FBI itself, the claim is "essentially self-defeating." *See Riverview Health*, 601 F.3d at 512.

**IV.**

Although Washington asserts that he has been greatly aggrieved by the "machine," his lawsuit must be dismissed because he has waited too long to bring an action, both

against the FBI itself and against the individual agents; he has not followed procedural requirements, including seeking redress from the FBI; and he has failed to overcome sovereign immunity.

Accordingly, the Court **ORDERS** that the defendant's motion to dismiss (DE 7) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

Dated April 10, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY